UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEPHEN WALTERS | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-82 |
| | ) | |
| CITY OF JOHNSON CITY | ) | |

**O R D E R**

This matter is before the Court to address a motion for summary judgment and a supplement to the motion for summary judgment filed by the defendant. The plaintiff, employed for 29 years before being discharged by the defendant Johnson City's Solid Waste Division ("City"), alleges that the City refused to reinstate him after an on-the-job injury in violation of the Americans with Disabilities Act (ADA) and the Equal Protection Clause of the Fourteenth Amendment premised upon the Fourteenth Amendment and the provisions of 42 U.S.C. § §1983 and 1981a. The plaintiff contends that the City denied him light-duty work assignments it had been affording other similarly restricted sanitation equipment operators. The City contends that it did in fact afford the plaintiff temporary light-duty work assignments but had no permanent job available which would allow him to work withing his restrictions..

The plaintiff has conceded in his response to the defendant's supplement

1

to the motion for summary judgment "that the Social Security Administration's favorable decision which arrived during his federal court litigation has effectively eliminated his ADA claim." [Doc. 64]. Consequently, the plaintiff did not further address the issue of why his contention that he is totally disabled for purposes of Social Security benefits was consistent with his ADA claim that he could perform the essential functions of his previous job with a reasonable accommodation and he has abandoned his ADA claim. Therefore, it is hereby **ORDERED** that the defendant's motion for summary judgment in regard to the plaintiff's ADA claim is **GRANTED**. [Doc. 14].

**EQUAL PROTECTION CLAIM**

A civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law is provided by 42 U.S.C. § 1983. *Smith v. City of Salem, Ohio,* 378 F.3d 566, 576 -577 (6th Cir. 2004). Individuals have a right to be free from discrimination in public employment under the Equal Protection clause of the Fourteenth Amendment. *Davis v. Passman*, 442 U.S. 228, 234-35 (1979).

The plaintiff bases his equal protection claim on an allegation of disparate treatment. He alleges he was treated differently than three co-workers and was "entitled to the same employment consideration as [his co-workers] under the

Equal Protection Clause of the Fourteenth Amendment." More specifically, Walters alleges that the City demanded a "complete release" to perform all his regular duties before Walters could return to work, something not required of others. He also alleges the City refused to afford him special employment consideration extended to other "severely restricted" co-workers for whom "light duty jobs" were created.

To prove a violation of the equal protection clause under § 1983, a plaintiff must prove the same elements that are required to establish a disparate treatment claim under Title VII. *Lautermilch v. Findlay City Schs.*, 314 F.3d 271, 275 (6th Cir.2003). Therefore, to establish a *prima facie* case for his claim of denial of equal protection, the plaintiff must show (1) that he is a member of a protected group, (2) that he suffered an adverse employment action, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class or was treated differently from similarly situated members of the unprotected class. See *Michael v. Caterpillar Financial Services Corp.* 496 F.3d 584, 593 (6th 2007); *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728-29 (6th Cir.1999).

The plaintiff is a member of a protected group for Title VII purposes, i.e. individuals with disabilities. Obviously, the plaintiff suffered an adverse employment action when he was terminated from his employment. Aside from his physical limitations, the plaintiff was qualified for his position although at the time of his

termination he could not perform the physical requirements of that position. Even assuming, however, that the plaintiff could have performed some position that only demanded light work, he still cannot establish a *prima facie* case under the requirements of a § 1983 equal protection claim.

The plaintiff has offered exhibits that he contends show that he was treated differently from similarly situated members of the same protected class, i.e., other employees who had disabilities as a result of injuries which caused them to have various work restrictions. "A plaintiff who alleges disparate treatment by a state employer is bringing essentially the same claim under Title VII as under § 1983. If there is liability under Title VII, there should be liability under § 1983. Similarly, if there was no discriminatory intent, there cannot be liability under either Title VII, on a disparate treatment theory, or § 1983." *Grano v. Dept. of Dev.*, 637 F.2d 1073, 1082 (6th Cir. 1980). The plaintiff has failed to plead or offer any proof that he was treated differently from similarly situated members of the unprotected class. Therefore, because the plaintiff has failed to establish that he was treated differently than similarly situated employees of the unprotected class, he has failed to establish an essential element of a *prima facie* case for his equal protection claim under § 1983. Said differently, because Walters' ADA claim fails, his claim under § 1983 fails as well.

While neither of the parties adequately addresses the equal protection issue in their respective briefs (neither, for instance, specifically addresses the elements of an equal protection claim under § 1983), plaintiff seems to concentrate on a traditional equal protection analysis under the Fourteenth Amendment, *i.e.* dissimilar treatment from other individuals who are <u>similarly</u> situated. Specifically, Walters asserts that he can, as a "class of one," assert an equal protection claim against the City for treating him differently from other individuals who are similarly situated, citing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). *Olech* did, in fact, hold that a successful equal protection claim may be brought by a "class of one" where plaintiff alleges that he has been intentionally treated differently than others similarly situated and there is no rational basis for the difference in treatment. *Id.* at 564, citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923) and *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.,* 488 U.S. 336 (1989). Walters does allege he has been treated differently from others similarly situated without any rational basis for the difference.[1]

His claim here fails, however, because he can neither show that he is similarly situated to the co-workers he says received special employment

---

[1] Plaintiff concedes that he is not a member of a suspect class and does not possess a fundamental right to public employment.

consideration nor can he demonstrate that the government action lacks a rational basis. Walters argues that he is similarly situated to the referenced co-workers because each had "significant work restrictions" and the City "created special light duty jobs" for each of the co-workers to perform. The burden is on Walters to "show that the 'comparbles' are similarly situated *in all respects*." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1982) (emphasis in original).

While Walters is not required to show an exact correlation between his situation and that of the allegedly more favorably treated co-workers, he must show that those to whom he seeks to compare himself are "similar in 'all of the relevant aspects.'" *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994)). This means the plaintiff must "prove that all of the relevant aspects of his employment situation are 'nearly identical' to those of the employees whom he alleges were treated more favorably." *Pierce,* 40 F.3d at 802.

A comparison of the medical records and work histories of the plaintiff with those of the co-workers who have allegedly been treated more favorably reveals considerable lack of similarity, except that all had suffered from conditions which led

6

to significant work restrictions.[2]   Walters claims that he personally observed the three identified co-workers performing "special lighter work activities" they had been assigned to accommodate their physical restrictions.  He also points to certain personnel documents produced by the defendant during discovery in an attempt to bolster his claim that he could have performed similar lighter duty work restrictions.

Although plaintiff maintains that his "medical restrictions and <u>his</u> description of his condition are not inconsistent with his equal protection claim," his claim of similarity suffers an additional fatal problem.  On March 23, 2007, an Administrative Law Judge ("ALJ") with the Social Security Administration found that Walters has been "continuously disabled since September 29, 2004" and "lacks the residual, functional capacity to perform <u>any</u> substantial, gainful activity, even at the sedentary level, on a regular and sustained basis." (emphasis added).  The plaintiff is now estopped from arguing otherwise and he cannot show that he is similarly situated to the co-workers in question.  His medical restrictions and his own description of his condition and ability to do light work activity is, therefore, completely irrelevant.

The principle of collateral estoppel bars the relitigation of the same claim

---

[2]   Although the record does not establish that all suffered from permanent work restrictions, the Court will assume that for the purposes of this motion.

or same issues in a subsequent action. Both the principles of res judicata, (which bars relitigation of the same claim or cause of action by the same parties) and collateral estoppel have been applied to decisions by administrative agencies acting in a judicial capacity, such as the Social Security Administration. *See United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966). The traditional elements of collateral estoppel are: 1) whether "the issue in the subsequent litigation is identical to that resolved in the earlier litigation," 2) whether "the issue was actually litigated and decided in the prior action," 3) whether "the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation," 4) whether "the party to be estopped was a party to the prior litigation (or in privity with such a party)," and 5) whether "the party to be estopped had a full and fair opportunity to litigate the issue." *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999).

A related concept is that of judicial estoppel. The doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding'." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 (6th Cir. 1990). Courts apply judicial estoppel in order to preserve the integrity of the courts and prevent a litigant from achieving success on one position, then arguing the contrary "to suit an exigency of the moment." *Id.* at 1218. The doctrine applies only, however, where the litigant 1) took

a contrary position; 2) under oath in a prior proceeding; and 3) the prior position was accepted by the court. *Id.*

Plaintiff's position as it relates to his equal protection claim is clearly inconsistent with the position taken by him in the prior administrative proceeding. A review of the ALJ's decision shows that the specific issue in that proceeding was "whether [Walters] is under a disability, which is defined as the inability to engage in any substantial, gainful activity by reason of any medically determinable, physical or mental impairment . . ." Having taken that position in the administrative proceeding, actually litigated it and seeing it decided in his favor and accepted by the ALJ, he cannot now take a contrary position. Thus, not only does the record not establish that Walters and his three co-workers are not similarly situated in all relevant respects, he is estopped from doing so.

Furthermore, even assuming he could show that he and his co-workers were similarly situated, the plaintiff cannot show that there is no rational basis for the City's difference in treatment. Indeed, he makes no effort to do so except, in conclusory fashion, to say that "[t]he City has not offered any rational explanation" for its different treatment but instead "has dissembled." Under *Olech*, a "class of one" plaintiff may demonstrate that a government action lacks a rational basis in one of two ways. He can "negative every conceivable basis which might support" the

9

government action, *Bower v. Village of Mount Sterling*, 44 Fed. Appx. 670, 677 (6th Cir. 2000) (quoting *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 315 (1993)), or alternatively, a "class of one" plaintiff can demonstrate that the challenged government action was motivated by animus or ill-will. *Id.* at 678. Thus, the burden is on plaintiff to show lack of a rational basis, not on the defendant to establish one. In fact, governmental classifications enjoy a presumption of rationality," *Id.* at 677 (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 459-60 (7th Cir. 1992)) and a reviewing court should not overturn governmental action unless the varying treatment "is so unrelated to the achievement of any combination of legitimate purposes that [it] can only conclude that the [government's] actions were irrational." *Id.* at 677-78 (quoting *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000)).

  The City has explained that it has no permanent light duty job in which it can place the plaintiff. Even if the City had previously allowed some workers to perform light duty jobs or transferred other injured workers to light duty jobs, one could not reasonably argue that the City is required to place <u>all</u> workers with restrictions in light duty jobs. Surely, the City's refusal to create a light duty job for plaintiff is related to legitimate governmental purposes, such as budgetary constraints, manpower requirements, workload demands or other similar reasons. In point of fact, however, plaintiff made no effort to "negative" these or any other "conceivable basis"

for the City's action. Likewise, plaintiff makes no effort to demonstrate that the City's action was motivated by animus or ill-will. Although he alleges that the City has acted maliciously, Walters offers no facts to support his conclusion. To demonstrate animus or ill-will, plaintiff must prove that the challenged government action was motivated by personal malice unrelated to the defendant's official duty. *Bower*, 44 Fed. Appx. at 678. Because Walters does not allege any facts or produce any evidence suggesting that defendant and its agents harbor any personal animus toward him, he does not raise a genuine issue of material fact.

Accordingly, it is hereby **ORDERED** that the defendant's motion for summary judgment on the plaintiff's equal protection claim is **GRANTED** for the reasons set out herein, [Doc. 14], and the plaintiff's complaint is **DISMISSED** in its entirety.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE